## FRED BURGESS V. THE STATE.
### *No. 791.   Decided November 22.*

**1. Burglary—Charge—Principals—Harmless Error.**—On a trial for burglary, it is error in the court, in charging upon the law of principals, to embrace parties "keeping watch," when there is no evidence that any of the parties to the crime were keeping watch. Such error is, however, harmless when, in applying the law directly to the facts, "keeping watch" is omitted from the charge.

**2. New Trial—Newly Discovered Evidence.**—A new trial will not be granted for newly discovered evidence when there is no probability that the newly discovered evidence would change the result on another trial.

**3. Verdict.**—On a trial for burglary the verdict was, "We the jury find the defendant Fred Burgess guilty as charged in the indictment, and assess his punishment at imprisonment in the penitentiary for a term of two years." *Held*, when considered in connection with the indictment and charge to the jury, very certain and by no means vague.

APPEAL from the District Court of Jones. Tried below before Hon. C. P. WOODRUFF.

This appeal is from a conviction for burglary, with punishment assessed at two years in the penitentiary.

One Lucien Reeves was separately indicted for this offense, and upon defendant's motion and affidavit Reeves was first put upon trial, but with what result the record does not disclose. The house burglarized was a dwelling house occupied by one A. J. Streed, and between $30 and $35 was abstracted from a trunk in the house, the lock of the trunk being broken. This was on the 14th day of April. The State proved that, on the 16th of April, defendant not only admitted to Streed's brother that he had committed the crime, but paid him $20, which he said was the amount he still had at that time.

It is unnecessary to reproduce the evidence.

*Dan F. Jones* and *J. F. Cunningham, Jr.*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for burglary, with intent to steal the property of A. J. Streed.   Appellant reserved bill of exceptions to the charge of the court, objecting to the charge upon several grounds.   We have examined the objections made, in connection with the evidence, as it appears in the statement of facts.   We are of opinion that it is correct, except in one particular.   In defining "principal" the court embraces those who are keeping watch, etc. There being no evidence that any of the parties engaged in the burglary were keeping watch, it was error to allude to this part of the definition of "principal."   But, when the court applied the law to the facts directly, "keeping watch" was omitted.   The error was harmless.

There was no exception reserved to the admission of any part of the evidence.   There is not the slightest probability that the testimony alleged to be discovered would change the result on another trial.

The verdict of the jury, when considered in connection with the charge in the indictment, and instructions given by the court to the jury, is not vague, but is very certain: "We the jury find the defendant, Fred Burgess, guilty, as charged in the indictment, and assess his punishment at imprisonment in the penitentiary for a term of two years."

We are fully satisfied with the sufficiency of the evidence.

.                                                                  *Affirmed.*

Judges all present and concurring.