## F. W. ANDERSON v. THE STATE.

No. 6359.  Decided October 25, 1922.

1.—Murder—Charge of Court—Sufficiency of the Evidence.

Where, upon trial of murder and a conviction of that offense, it appeared from the record on appeal that the trial judge, in his charge to the jury, carefully guarded the appellant's rights in every particular, where the former opinions pointed out errors in this respect, and properly applied the law to the facts, there was no reversible error.

2.—Same—Evidence—Bill of Exceptions—Practice on Appeal.

A bill of exceptions should be made so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error, and where the bill leaves this court to speculate to the pertinency, or otherwise, of the evidence complained of, it cannot be considered on appeal. Following Young v. State, 243 S. W. Rep., 472, and other cases.

3.—Same—Sufficiency of the Evidence—Co-Principal.

Where, upon trial of murder, circumstances were proved from which the jury could reach the conclusion that appellant was in accord with his co-principal in the killing, and the facts were settled by the jury, there was no reversible error.

Appeal from the District Court of Fisher. Tried below before the Hon. W. R. Chapman.

Appeal from a conviction of murder; penalty, six years' imprisonment in the penitentiary.

*E. B. Coopwood, L. H. McCrea, Walter S. Pope* and *Stinson, Coombes & Brooks,* for appellant. On question of insufficinecy of the evidence: Jernigan v. State, 10 Texas Crim. App., 546.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for murder. Punishment, six years in the penitentiary.

This is the third time this case has been before us. The first opinion will be found reported in 85 Texas Crim. Rep., 411, 213 S. W. Rep., 639. Reversal was ordered because the court failed to charge upon circumstantial evidence, the facts showing the shot which killed deceased was fired by Ray Anderson and appellant's participation therein being shown only by proof of circumstances. The second opinion is in 87 Texas Crim. Rep., 641, 224 S. W. Rep., 782. The case was again reversed because the court failed to limit the effect of acts and declarations of the co-principal Ray Anderson. The latter was convicted and an affirmance ordered in an opinion reported in 86 Texas Crim. Rep., 207, 217 S. W. Rep., 390. The facts are fully set out in the three reported cases and will relieve us of the necessity of repeating them here.

Upon the instant trial the court gave the benefit of proper charges upon the law of circumstantial evidence, and specifically directed the jury not to regard the acts and declarations of Ray Anderson unless the State had established a conspiracy existing between him and appellant prior thereto. With reference to threats proved against appellant, the jury were instructed that this was not sufficient to establish a conspiracy. In other words, the trial judge carefully guarded appellant's rights in every particular where the former opinions pointed out errors in this respect. The matters complained of in bills of exception one, two, four, five and six are unavailing in view of the charges referred to.

Bill of exception number eight complains of certain testimony of Mrs. B. P. Busby as follows: ''The State was permitted to prove by the witness that on Friday evening before the killing of Ott Smith on Saturday afternoon following, that a little past six o'clock she was at a well near or in front of Ray Anderson's house; that she saw an automobile drive up in front of Ray Anderson's house and that she heard a gun fire; heard the report of a gun. Defendant objected to the testimony of the witness because the testimony offered would be a conclusion based upon a conclusion of the witness as to whether or not it was a gun and was hearsay; that the witness does not testify that she saw any gun at any time and further testified that she did not see any gun and that such testimony was a conclusion based upon a conclusion of the witness and was wholly immaterial,

incompetent, hearsay and prejudical. The Court overruled defendant's objections and permitted the testimony to go before the jury and be considered by them in arriving at their verdict.''

The bill leaves us to speculate as to the pertinency, or otherwise, of the evidence complained of. If ascertained by us it must be from some source other than the bill. The objections urged will not suffice as a certification of facts. Mr. Branch in his Ann. P. C., Section 207, page 131, states the rule thus: ''A bill of exceptions should be made so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error.'' Many authorities are cited by him in support of the rule. The same condition exists as to bill number seven which complains of Mr. Busby's evidence to the same effect as that of his wife, but with the additional suggestion that it is in question and answer form, which has so frequently been held objectionable. Young v. State, 92 Texas Crim. Rep., 277, 243 S. W. Rep., 472; Alley v. State, 92 Texas Crim. Rep., 194, 241 S. W. Rep., 1024; Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W. Rep., 1029.

It is strongly urged that the conviction should not be permitted to stand as being unwarranted by the evidence. We deem it unnecessary to set it out in detail having already referred to the same as found in previous opinions. We cannot persuade ourselves that the verdict is without support in the evidence. Circumstances were proven from which the jury could reach the conclusion that appellant was in accord with his co-principal in the killing, and we must assume that in appraising the evidence the jury followed the court's instructions.

The judgment must be affirmed.

*Affirmed.*