JUAN GARCIA v. THE STATE.

No. 12867. Delivered December 11, 1929.

The opinion states the case.

G. B. *Fenley* and *Will Glover* of Uvalde, for appellant.

A. A. *Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The judgment of the trial court recites that the accused was found guilty on the second count in the indictment, and his punishment assessed at one year in the penitentiary, and the record shows him to have been adjudged guilty and that he should be punished by confinement for one year,—and this judgment is followed in terms by the sentence. In this court for the first time it is insisted that the verdict of the jury omitted the word "year." No claim is made that the attention of the trial court was called to any informality or defect in the written verdict, or that any effort was there made to correct same. Without discussing the proposition that enough appears in the verdict to make certain the finding of the jury, even without the written word "year," if in truth same was not in the written verdict when brought in,—we are of opinion that the judgment would control and speak what the verdict was under facts such as appear in this record.

There are four bills of exception. The first presents objection to the testimony of witness Pytel in effect that on May 6th he went with other officers and found two pints of whisky in the back end of the building occupied by appellant as a barbershop. Nothing in the bill certifies or makes apparent the fact that the searching officers had no probable cause justifying such search. While it is stated that the witness referred to had no information amounting to probable cause, he states that he was with the other officers assisting them, and there is no sort of showing in reference to information had by the other officers.

The second bill of exceptions presents complaint of the testimony of witness Pytel that the officers found whisky at appellant's place, it being urged that the liquor then seized, if any, was the best evidence as to whether it was or was not whisky. Witness had seen the liquor in question and testified that it was whisky. We think it not error to admit the testimony. If the whisky itself had been introduced before the jury they would not have been called upon or

permitted to taste or otherwise investigate its intoxicating qualities to determine whether it was whisky.

Bill No. 3 presents objection to the testimony of one Sanchez, who swore that he bought a quantity of whisky from appellant, it being insisted that since this whisky was taken from Sanchez by the officers that it should have been produced, and that its production would have been the best evidence as to whether it was whisky. We see no reason for such position.

Bill of exceptions No. 4 complains of the rejection of the testimony of a number of witnesses to the fact that appellant had a good reputation for truth and veracity in the community in which he lived. The State had asked appellant while a witness if he had not been tried in the justice court and paid a fine for drunkenness; also if he had not been arrested and charged with violating the liquor law in the Federal court some years prior to this trial. To both of these propositions appellant assented. Thereafter appellant put a number of his neighbors and friends on the stand and offered to prove by them that his general reputation for truth and veracity in the community in which he lived was good. Such testimony should have been admitted. The rule in this State seems to be well settled that when one is impeached by proof of the fact that he has been charged with crime, he may be sustained by proving his good reputation for truth and veracity. Coombes v. State, 17 Texas Crim. App. 264; Farmer v. State, 35 Texas Crim. Rep. 270; Luttrell v. State, 40 Texas Crim. Rep. 659.

For the error above mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*