Lyndoll Lener **AINSWORTH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49467.

Court of Criminal Appeals of Texas.

Jan. 8, 1975.

Michael Thornell, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell & Michael Brown, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of rape. The punishment was assessed by the jury at thirty years.

In the first ground of error, appellant contends that the judgment is void because the verdict at the punishment stage is indefinite and uncertain.

The jury returned the following verdict at the punishment stage of the trial:

"The defendant, Lyndoll Lener Ainsworth, having been found guilty of rape as charged in the indictment, We, the Jury, assess his punishment at confinement in the Department of Corrections for the State of Texas for a period of 30 _____"

The court entered judgment on the verdict assessing appellant's punishment at "30 years." No objection was ever raised to any of these proceedings, and it is only on appeal that the omission of the word "years" is raised.

In Garcia v. State, 113 Tex.Cr.R. 380, 22 S.W.2d 658 (1929), the prosecution was for selling intoxicating liquor. The court entered judgment and sentenced the defendant to serve one year in the penitentiary even though the jury had omitted the word "year" from its verdict. The Court wrote:

"No claim is made that the attention of the trial court was called to any informality or defect in the written verdict, or that any effort was there made to correct same. Without discussing the proposition that enough appears in the verdict to make certain the finding of the jury, even without the written word 'year,' if in truth same was not in the written verdict when brought in, we are of opinion that the judgment would control and speak what the verdict was under facts such as appear in this record."

The next decision in this area is found in Cooper v. State, 136 Tex.Cr.R. 498, 126 S.W.2d 974 (1939). In that case the jury's verdict read:

"We, the jury, find defendant guilty as charged and assess the punished at 7—Seven confinement in the State peneterry (sic)."

Based on this verdict, the conviction was reversed, with the Court saying:

"While familiar with the doctrine of 'That is certain which can be made cer-

tain,' we confess we are at a loss to know just what punishment this jury actually gave the appellant. They might have intended to give him 77 days, weeks, months or years, or 7 days, weeks, months or years. Probably they intended the punishment to have been 7 years, and thus the court interpreted their verdict, but such verdict does not say 7 years, or any term of years.

"Verdicts of juries should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained, the verdict should be held to be good as to form, and bad spelling or bad grammar should not of necessity vitiate such verdicts, see Branch's Penal Code, p. 331, but we must confess that this verdict is so unintelligible that we have to indulge in various presumptions in order to ascertain what punishment is to be meted out to appellant. This verdict should not have been received by the trial court, but should have been corrected in the presence of the jury relative to the punishment assessed therein."

Without further elaboration, many decisions since Cooper have merely cited it as authority for reversal. Bumpass v. State, 160 Tex.Cr.R. 423, 271 S.W.2d 953 (1954); McCarty v. State, 317 S.W.2d 748 (Tex. Cr.App.1958); Slaughter v. State, 170 Tex.Cr.R. 16, 336 S.W.2d 944 (1960); Hereford v. State, 380 S.W.2d 120 (Tex. Cr.App.1964); Van Ostrand v. State, 397 S.W.2d 436 (Tex.Cr.App.1966).

■ In Cooper, the appellant was convicted of forgery which, under Article 995, Vernon's Ann.P.C., then in effect, carried a possible punishment of "not less than two nor more than seven years." The logic in the Garcia case was not followed when the court concluded that where the verdict assessed punishment "at 7—Seven confinement", it could be construed to mean "77 days, weeks . . . or years" or "7 days, weeks (or) months. . . ." Under the court's reasoning such a verdict could conceivably have meant either "77

months" or "7 years", as both fall within the range of punishment provided. Such reasoning was faulty. Since the jury is required to take the law from the court and be bound thereby, and assess punishment only within the range provided by law for the offense under consideration, Aldridge v. State, 170 Tex.Cr.R. 502, 342 S.W.2d 104 (1960), a verdict which can have only one reasonable construction will be held to be complete.

Bumpass, McCarty and Van Ostrand all involved driving while intoxicated misdemeanor prosecutions, which under Article 802, V.A.P.C., carried a possible punishment of "confinement in the county jail for not less than three (3) days nor more than two (2) years, and by a fine of not less than Fifty ($50.00) Dollars nor more than Five Hundred ($500.00) Dollars." Thus the verdict in Bumpass of "(3) three—in County jail" could under the statute be construed to mean 3 days, 3 weeks, or 3 months, and is thus indefinite. And in McCarty, the verdict of "30—in the County jail" could have intended either 30 days or 30 weeks, both being possible punishments under the statute. Finally in Van Ostrand, the verdict of "confinement in the county jail for Three—" could under the law be construed to mean 3 days, 3 weeks or 3 months.

A different situation is presented in the other cases cited. Hereford was prosecuted for murder which, pursuant to Article 1257, V.A.P.C., carried a possible punishment of "confinement in the penitentiary for life or for any term of years not less than two." The verdict returned there assessed punishment at confinement in the penitentiary for a "period of ten (10)." This could not possibly mean 10 days, weeks or months, as none of these was authorized by the statute. The only reasonable meaning of this verdict was 10 years. Likewise in Slaughter, the range of punishment authorized by Article 725b, Section 23(1), V.A.P.C., for possession of narcotics was "confinement in the State penitentiary for not less than two (2) years nor more than life." The verdict there assessing

punishment at confinement in the State Penitentiary "for Five (5)" could have reasonably meant only 5 years, as neither 5 days, 5 weeks nor 5 months would be possible punishments under the statute.

 Numerous decisions have followed the rule that the verdict should be held good if the intention of the jury can be reasonably ascertained. And, where the verdict contains poor grammar or spelling, it will be held to be sufficient if its meaning can be reasonably ascertained from the words used. Salas v. State, 474 S.W.2d 228 (Tex.Cr.App.1971); Stewart v. State, 422 S.W.2d 928 (Tex.Cr.App.1968).

The present case involves the absence of a word "years", and thus the Court can examine the court's charge to ascertain the certainty of the jury's intention. Burgess v. State, 33 Tex.Cr.R. 9, 24 S.W. 286 (1893); Barnes v. State, 116 Tex.Cr.R. 222, 34 S.W.2d 605 (1931).

The trial court in the present case instructed the jury in its charge:

> "Our statute provides that the punishment for the offense of rape shall be confinement in the penitentiary for life or for any term of years not less than five.
>
> "Therefore, you will assess the punishment of the defendant at confinement in the penitentiary for life, or *for any term of years not less than five.*" (Emphasis Added)

This Court must presume that the jury followed the court's instructions. Article 44.24, Vernon's Ann.C.C.P.; Gatlin v. State, 86 Tex.Cr.R. 339, 217 S.W. 698 (1920); Anderson v. State, 92 Tex.Cr.R. 477, 244 S.W. 530 (1922); Brown v. State, 96 Tex.Cr.R. 409, 254 S.W. 495 (1923).

Verdicts should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained, from whatever source, the verdict should be held valid.

Thus, the "30" written on the verdict form could not possibly be construed to mean 30 days, 30 weeks or 30 months, as none of these terms are authorized by the statute, or covered by the court's charge. The only reasonable and possible construction is that the verdict was intended to reflect a punishment of 30 years. Since this verdict can be made certain, it is sufficiently definite to support the judgment. Insofar as Cooper, Hereford, Slaughter and any other cases are in conflict with this opinion, they are overruled.

We perceive no error in the second ground of error where complaint is made that the court on its own motion should have conducted a separate hearing on the "eyewitness identification" issue.

Likewise, no error is reflected in the third ground of error where it is contended that the court on its own motion should have required the court reporter to record the voir dire examination of the jury panel and the final arguments.

No reversible error being shown, the judgment is affirmed.

ONION, P. J., concurs in the result.