**Ricky COTTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–86–00449–CR, 04–86–00450–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1987.

David R. Weiner, San Antonio, for appellant.

Fred G. Rodriguez, Charles Tennison, Mary Farias, Edward Shaughnessy, III, Cr. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

## OPINION

CADENA, Chief Justice.

Appellant was charged, in separate indictments, with murder and attempted murder. The cases were consolidated for trial and, after a jury had found appellant guilty of both charges, the court sentenced appellant to 25 years' imprisonment for murder and 20 years' imprisonment for attempted murder.

Appellant, relying on *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Crim.App.1983) (en banc), asserts that the court's charge was fundamentally erroneous because the instruction placing on the prosecution the burden of proving, beyond a reasonable doubt, that appellant was not acting in self-defense was not placed in the paragraph applying the law of murder and attempted murder to the facts of each case.

*Cobarrubio* held that the burden of proving the lack of sudden passion in a murder case must be placed on the prosecution and that the instruction allocating the burden of proof "must be ... placed in the paragraph of the charge applying the law of murder to the facts of the case." 675 S.W.2d at 751.

The *Cobarrubio* holding ignores the rule that in construing a charge we must consider the charge as a whole and not limit our review to parts of the charge considered in isolation. *Selvage v. State*, 680 S.W.2d 17, 20 (Tex.Crim.App.1984) (en banc). The holding is also incompatible with the rule that a reviewing court must presume that the jury considered the entire charge and followed the court's instructions. *Ainsworth v. State*, 517 S.W.2d 274, 277 (Tex.Crim.App.1975).

 We decline to apply *Cobarrubio* to this case. Even if the holding in that case is defensible, it is not dispositive of the question involved here. In a murder case, where there is evidence that the accused acted under the influence of sudden passion, the absence of such passion is an element of the offense which the prosecution must prove in order to establish that defendant is guilty of murder rather than voluntary manslaughter. *Bradley v. State*, 688 S.W.2d 847, 851 (Tex.Crim.App. 1985) (en banc). Under such facts, the accused is not entitled to acquittal if the jury finds that the prosecution has failed to prove the absence of such passion beyond a reasonable doubt. The proper verdict in such a case is one finding the accused guilty of voluntary manslaughter. In the case of self-defense, the failure of the prosecution to negate self-defense in a case in which the evidences raises that issue will result in an acquittal, rather than a finding that defendant is guilty of an offense other than murder.

 In this case, the instructions applying the law of murder and attempted murder to the facts of each case were followed immediately, although in a new paragraph, by correct instructions concerning the law of self-defense and correctly placing on the State the burden of proving beyond a reasonable doubt that appellant had not acted in self-defense. If the charge is read as a whole, the conclusion is inescapable that the jury was instructed to find appellant not guilty unless they found that he had not acted in self-defense. The instruction to this effect is clear and unambiguous and, absent a result-oriented tortured interpretation of the charge, there is no reason to doubt that the jury understood the charge.

There is nothing in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), which precludes the conclusion we have reached. *Mullaney* did no more than condemn a State rule which placed on defendant the burden of proving that he had acted in the heat of passion and therefore was guilty of manslaughter and not murder. Since the instruction in this case correctly placed the burden of proof, we can

ignore *Mullaney* and need not decide whether its holding is still viable in view of the subsequent decision in *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). *See* Allen, *The Restoration of In re Winship: A Comment on Burdens of Persuasion in Criminal Cases after Patterson v. New York*, 76 MICH.L. REV. 30 (1977).

The judgment of the trial court is affirmed.