## Ex Parte Max Alexander SOFFAR.

### No. 29,980–02.

Court of Criminal Appeals of Texas.

Nov. 12, 2003.

David Dow, Houston, for Appellant.

Lynn Hardaway, Asst. DA, Houston, Matthew Paul, State's Attorney, Austin, for State.

### *ORDER*

PER CURIAM.

On October 28, 2003, the State filed with this Court a motion to dismiss applicant's subsequent application for writ of habeas corpus filed pursuant to the provisions of Article 11.071, § 5, TEX.CODE CRIM. PROC. We hold that motion in abeyance and order the parties to brief the following issue:

> Whether the *Powers* abstention doctrine should be modified to permit the consideration of the merits of a subsequent writ, which is not otherwise barred by Article 11.071, § 5, if the federal court with jurisdiction over a parallel writ enters an order staying its proceedings to allow the applicant to return to the appropriate Texas courts to exhaust his state remedies.

## I.

Applicant was convicted of capital murder in 1981 and sentenced to death. This Court affirmed that conviction on direct appeal. *Soffar v. State,* 742 S.W.2d 371 (Tex.Crim.App.1987). On April 8, 1996, this Court denied applicant's first writ of habeas corpus. *Ex parte Soffar,* No. 29,-980–01 (Tex.Crim.App., delivered April 8, 1996). On August 7, 1997, the United States District Court denied applicant relief on his federal writ which was based upon claims previously exhausted in his first state writ. On December 21, 2000, a panel of the Fifth Circuit of Appeals granted applicant a certificate of appealability on three of his habeas claims and granted relief on one of his claims. *Soffar v. Johnson,* 237 F.3d 411 (5th Cir.2000). An en banc Fifth Circuit vacated this decision on July 29, 2002, and remanded the case to the Fifth Circuit panel to consider the merits of the remaining issues for which it had granted the certificate of appealability. *Soffar v. Cockrell,* 300 F.3d 588 (5th Cir. 2002). That case is still pending in federal court.

On June 13, 2003, applicant filed his current application for writ of habeas corpus in the 232nd District Court of Harris County. This is a subsequent writ in which applicant alleges two new claims: (1) "Mr. Soffar is an individual with mental retardation, and, pursuant to the Supreme Court's recent ruling in *Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), the execution of a death sentence against Mr. Soffar by the State of Texas would violate the Eighth and Fourteenth Amendments to the United States Constitution"; and (2) "[S]ince Mr. Soffar filed his prior petition for habeas corpus relief, new evidence has emerged that demonstrates that Mr. Soffar is actually innocent of the murders for which he was convicted and sentenced to death. Thus, Mr. Soffar's conviction and sentence violate the Fourteenth Amendment."

## II.

The long time practice of this Court is to automatically dismiss writ applications when the applicant also has a writ pending in federal court that relates to the same conviction. *See Ex parte Powers,* 487 S.W.2d 101 (Tex.Crim.App.1972); *see also Ex parte McNeil,* 588 S.W.2d 592 (Tex. Crim.App.1979); *Ex parte Green,* 548 S.W.2d 914 (Tex.Crim.App.1977). This abstention doctrine or "two forums" rule is based upon important considerations of comity, avoidance of piecemeal litigation or inconsistent results, and judicial economy. *See, e.g., Galtieri v. Wainwright,* 582 F.2d 348, 355–62 (5th Cir.1978)(en banc). Abstention based upon concurrent court jurisdiction also serves to avoid duplicative litigation.

Another doctrine that comes into play here is that of exhaustion. Under the AEDPA,[1] federal courts generally do not have the power to grant habeas relief on unexhausted claims, *i.e.,* those claims which have not already been presented to, and rejected by, the state court. *See Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir.2001)(stating that a fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court before requesting federal habeas relief); *Mercadel v. Cain,* 179 F.3d 271, 276–77 (5th Cir.1999)(holding that federal courts lack the power to grant habeas relief on unexhausted claims).[2]

---

**1.** "Anti–Terrorism and Effective Death Penalty Act of 1996." This federal act included significant amendments to the federal habeas corpus provisions in 28 U.S.C. § 2241 et seq.

**2.** Federal courts have held that the AEDPA

These two doctrines—the abstention doctrine in both federal and state courts and the exhaustion doctrine in federal courts—complement each other and are designed to achieve the jurisprudential goals of comity, efficiency, and expediency. On the whole, they work well to give state prisoner habeas applicants one, and only one, full and fair opportunity to litigate constitutional claims sequentially, first in state court and, if relief is denied there, then in federal court. *See Carter v. Estelle*, 677 F.2d 427, 434 n. 3 (5th Cir.1982)(giving a thorough explanation of our Texas habeas abstention doctrine and its consequences for the federal courts). However, because of the strict one-year statute of limitations in the AEDPA, 28 U.S.C. § 2244(d)(1), there is at least one class of cases in which the normal application of these salutary doctrines may lead to unintended and unfortunate consequences. That situation is when the Supreme Court announces a "watershed" procedural or substantive change in the law which applies retroactively to all cases, even those on collateral review. *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), would seem to be one such case.

The problematic scenario is one in which a death-sentenced writ applicant had exhausted his writ claims in state court and had timely filed his writ application in federal court. While the federal writ was pending, the Supreme Court announced its decision in *Atkins*. Assuming that *Atkins* applies retroactively,[3] a death row inmate who might fall within the definition of mentally retarded is faced with this dilemma under the federal AEDPA and the current Texas abstention doctrine: (1) he may temporarily ignore the *Atkins* claim and continue his federal writ;[4] (2) he may file his *Atkins* claim in the federal district court even though it is unexhausted;[5] or

exhaustion requirement is not jurisdictional because those courts have the jurisdiction to *deny* unexhausted claims, although they normally do not have the power to *grant* unexhausted claims under the AEDPA. *See Daniel v. Cockrell*, 283 F.3d 697, 701-02 (5th Cir. 2002) (citing 28 U.S.C. § 2254(b)(2)). The State, however, may explicitly waive this exhaustion limitations defense. *See Mercadel v. Cain*, 179 F.3d 271, 276–78 (5th Cir.1999).

3. *See, e.g., Hill v. Anderson*, 300 F.3d 679, 681 (6th Cir.2002)(stating that *Atkins* applies retroactively); *Clemons v. State*, — So.2d —, —, 2003 WL 22047260, *1, 3003 Ala.Crim. App. LEXIS 217, *8 (Ala.Crim.App.2003); *Russell v. State*, 849 So.2d 95 (Miss.2003); *Johnson v. State*, 102 S.W.3d 535 (Mo.2003); *State v. Dunn*, 831 So.2d 862 (La.2002).

4. If that federal writ is unsuccessful, he may file a subsequent writ in the state convicting court and have it considered by this Court. We may grant relief. If we deny relief, he may bring a subsequent writ in federal court concerning his *Atkins* claim, but apparently he may do so only if the one-year time limit has not run. Only the exceptionally speedy inmate may be able to achieve such a feat.

This creates a conundrum: the Supreme Court has held that it is unconstitutional to execute one who is mentally retarded, but federal courts may not consider that claim if it is not brought within the one-year statute of limitations.

5. At which time, among other possibilities, the federal court could:

(1) dismiss the applicant's entire habeas petition because it includes both exhausted and unexhausted claims. This is the option that the Supreme Court required in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), but that was before passage of the AEDPA and its one-year statute of limitations. Under current federal law, the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) would apparently apply to both the exhausted claims that had originally been timely filed and the *Atkins* claim. Unless his *Atkins* claim can be filed, considered, and resolved within a very short period of time, the statute of limitations will have run on the applicant's exhausted claims which he had to dismiss before returning to state court; or

(2) grant the applicant a stay (which tolls the statute of limitations) on the entire federal

(3) he may file his *Atkins* claim in the Texas convicting court as a subsequent writ.[6] None of these choices is entirely satisfactory.

Members of the United States Supreme Court have also noted this dilemma. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)(concurring opinions of Justices Souter and Stevens suggesting a stay of the federal proceeding or applying the concept of equitable tolling might solve the dilemma). Further, several federal courts have adopted the "stay" procedure suggested by Justices Souter

and Stevens.[7] We do not know whether the Fifth Circuit might adopt such a procedure, but it would be fruitless for it to do so under our current *Powers* doctrine of abstention.

We therefore order the parties to brief the issue of whether we should modify the *Powers* abstention doctrine to permit consideration of the merits of a subsequent writ, not otherwise barred by Article 11.071, § 5, if the federal court having jurisdiction over a parallel writ enters an order staying its proceedings to allow the applicant to return to the appropriate Tex-

---

writ while the applicant files his *Atkins* claim in state court. The state court might grant relief on the *Atkins* claim and perhaps obviate the need to return to federal court. If it denies relief, the applicant could then add his newly exhausted state *Atkins* claim to his federal writ and all of his now-exhausted claims can be addressed.

6. Nothing in our state abstention doctrine would prevent a Texas death row inmate from having his *Atkins* claim eventually considered on the merits by this Court. However, if the AEDPA one-year statute of limitations has run on his *Atkins* claim before he refiles his previously dismissed subsequent writ application in state court and we deny relief, presumably the applicant will not be able to have his *Atkins* claim considered by any federal court, even if that claim was patently meritorious.

7. *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001). The Second Circuit held that "a district judge confronting a mixed petition has discretion either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" if the habeas applicant promptly files a writ in state court to exhaust those unexhausted claims. *Id.* at 377. The court explained that "[s]taying the exhausted claims would be a traditional way to 'defer' to another court 'until' that court has had an opportunity to exercise its jurisdiction over a habeas petitioner's unexhausted claims." *Id.* at 380. *See also Delaney v. Matesanz*, 264 F.3d 7, 15 n. 5 (1st Cir.2001) (recommending that federal district courts follow this procedure); *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir.2002)(adopting *Zarvela* approach to treatment of unexhausted *Atkins*

claim and instructing federal district court to dismiss *Atkins* claim to be considered by state court and to stay his remaining claims pending exhaustion upon condition that petitioner seek relief from state court within 90 days); *Nowaczyk v. Warden, N.H. State Prison*, 299 F.3d 69, 79 (1st Cir.2002) (recognizing a "growing consensus that a stay is *required* when dismissal could jeopardize the petitioner's ability to obtain federal review")(emphasis in original); *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir.2003)(stating that federal district court must consider the alternative of staying applicant's federal habeas petition after unexhausted claims are dismissed; noting that "[t]he exercise of discretion to stay the federal proceeding is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period" imposed by the AEDPA); *Palmer v. Carlton* 276 F.3d 777, 781 (6th Cir.2002) (noting that "[t]he Second Circuit approach [in *Zarvela*] is eminently reasonable. It addresses the equitable concerns raised by Justice Stevens in *Duncan*, preserves the interests in comity embraced by *Lundy*, and prevents the potential abuse of the writ perpetrated by some petitioners"); *Dobbin v. Greiner*, 2003 WL 22232852, *1 (S.D.N.Y.2003)(entering stay pursuant to *Zarvela* for petitioner to expeditiously exhaust claim in state court); *Owens v. Commissioner of Corrections*, —— F.Supp.2d ——, 2003 WL 22208496, *7 (D.Conn.2003)(same); *but see Graham v. Johnson*, 168 F.3d 762, 779–80 (5th Cir.1999)(disapproving of open-ended stays of mixed petitions).

as courts to exhaust his state remedies. Briefs from both applicant and the State are due in this Court within 30 days of the date of this order.