Affirmed and Opinion filed December 16, 2003









Affirmed
and Opinion filed December 16, 2003.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01028-CR

____________

 

EMILIO CORDOBA RUBIO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 855,410

 



 

M EM O R A N D U M   O P I N I O N

A jury found appellant Emilio Cordoba Rubio guilty of
capital murder and, because the State did not seek the death penalty, the trial
court automatically assessed his punishment at confinement in the Texas
Department of Criminal Justice, Institutional Division, for life.  Appellant=s sole point on appeal is that
the State=s use of an improper
hypothetical question during voir dire deprived him
of a fair trial.  We affirm.








In the early morning hours of September 10, 2000, several
armed men forcibly entered a family=s apartment and shot and killed
two people.  Appellant was convicted of
capital murder in connection with the shooting deaths.  On appeal, appellant argues that the
prosecutor gave a Aconfused@ hypothetical that misstated
the law of parties under Texas Penal Code section 7.02(b), which provides as
follows:

If, in the attempt to carry out
a conspiracy to commit one felony, another felony is committed by one of the
conspirators, all conspirators are guilty of the felony actually committed
though having no intent to commit it, if the offense was committed in
furtherance of the unlawful purpose and was one that should have been
anticipated as a result of the carrying out of the conspiracy.

Tex. Pen.
Code ' 7.02(b) (emphasis added).  In the hypothetical, the prosecutor
substituted Acould@ for Ashould@:

If you=re involved in a conspiracy to
commit one felony offense, aggravated robbery, and one of the participants of
your conspiracy, in all those group of guys that want to rob the bank, commits
a different felony in furtherance of that crime so to help protect them from
being caught he shoots and fires at the security officer, all parties of that
conspiracy are held to that same crime if it could be anticipated that
that=s something that could have
happened.

Appellant also complains the prosecutor used Acould@ again when discussing the law
of parties during closing argument. 
Appellant contends that this substitution of Acould@ for Ashould@ dilutes the standard required
under the statute from one of probability to one of mere possibility. 








However, we do not reach appellant=s issue because he failed to
timely and specifically object to the prosecutor=s hypothetical question on the
grounds raised in this appeal, and he has therefore waived error.  See Tex.
R. App. P. 33.1(a); Penry v. State, 903 S.W.2d 715, 741 (Tex. Crim. App. 1995); Draughon
v. State, 331, 336B37 (Tex. Crim. App.
1992).  Appellant
concedes that he failed to object, but argues that the trial court=s Aendorsement of [the
hypothetical] provided a clear indication that such an objection would have
been fruitless.@  We do not agree.  An objection in the trial court would have
called the problem to the court=s attention and given it the
opportunity to consider the issue.  Even
assuming the prosecutor=s hypothetical was improper, Aa curative instruction could
easily have dissipated any potential for prejudice visited upon Appellant.@  Draughon, 831 S.W.2d at 337.  

Moreover, we note that the court=s charge contained a correctly
worded instruction on the law of parties. 
The jurors were also instructed in the charge that they must be governed
by the law received in the written instructions.  We must, of course, presume that the jury
followed the law as contained in the charge. 
See Ainsworth v. State, 517 S.W.2d 274, 277
(Tex. Crim. App. 1975).  We therefore overrule appellant=s issue.

The trial court=s judgment is affirmed.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Opinion filed December 16, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P.
47.2(b).