# NO. 12-14-00126-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER WILEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Wiley appeals his conviction for murder, for which he was sentenced to imprisonment for life. In one issue, Appellant argues he received ineffective assistance of counsel. We affirm.

## BACKGROUND

Appellant was charged by indictment with murder and pleaded "not guilty." A jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for life. The trial court sentenced Appellant accordingly, and this appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant argues that he received ineffective assistance of counsel at trial.

### Governing Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below

an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id.* at 835.

Moreover, after proving error, the appellant must affirmatively prove prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref'd). The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Burruss*, 20 S.W.3d at 186. It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt or that the extent of his punishment would have been less. *See id.*; *see also Bone v. State*, 77 S.W.3d at 837.

**Failure to Object to Prosecutor's Statement Applying Parole Law to Defendant**

Appellant argues that his trial counsel was ineffective because he failed to object to the following statement made by the prosecuting attorney during his closing argument.

> Don't feel sorry for him. Life is what he deserves. And I tell you, a sentence of life will - - I mean, he's still - - the parole eligibility also applies to a life sentence as well. I only say that because sometimes I've gotten notes before where they were confused. It's - - he's eligible for parole in 30 years or half time of 30 years, whichever is less. So that means 60-plus, he's eligible for parole at 30. Why do we keep using that word "eligibility"? It's because we can't say *when he will actually make parole*. And that makes sense, because once he gets to prison[,] it's up to him. The parole authorities *will grant him parole* based on his conduct in prison. So he's the one that gets to decide *when he paroles*.

(emphasis added).

While it is not improper for the State to explain how parole eligibility rules apply to certain sentences, the State may not ask a jury to consider how good conduct time may be awarded to a particular defendant or how parole law will particularly affect the defendant's sentence. *See **Taylor v. State***, 233 S.W.3d 356, 359 (Tex. Crim. App. 2007); ***Gish v. State***, No. 02-09-00034-CR, 2011 WL 167076, at *3 (Tex. App.–Fort Worth Jan. 13, 2011, no pet.) (mem. op., not designated for publication). In other words,

> [w]hat a jury can properly do . . . is determine how long a term it wishes a defendant to serve before that defendant may become eligible for parole . . . . A jury, however, may not consider when, if ever, that defendant actually might be awarded parole (it must disregard whether the defendant will receive or forfeit good-conduct time and whether he will be awarded parole).

***Waters v. State***, 330 S.W.3d 368, 374 (Tex. App.–Fort Worth, 2010, pet. ref'd) (citing ***Turner v. State***, 87 S.W.3d 111, 116 (Tex. Crim. App. 2002)).

In *Waters*, the court of appeals affirmed the appellant's conviction for driving while intoxicated, holding that the prosecutor "did not urge the jury to make a decision on punishment based on speculation of matters that were not properly before it." *Waters*, 330 S.W.3d at 375. Here, despite the fact that the prosecutor initially emphasized Appellant's "eligibility" for parole, he later repeatedly referred to Appellant's parole as if his eventual release were not in doubt. That is, he discussed Appellant's parole in terms of "when" it would happen rather than "if" it would happen. The prosecutor's statements to that effect were an incorrect statement of the law because parole eligibility does not guarantee release. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(b) (West Supp. 2014); ***Ex parte Geiken***, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000);

*Gish*, 2011 WL 167076, at *3 (holding that prosecutor's telling jury "when appellant's time served plus good-conduct time equals fifteen years or one-fourth of his sentence, 'he gets out'" was incorrect statement of law); *Felan v. State*, 44 S.W.3d 249, 257 (Tex. App.–Fort Worth 2001, pet. ref'd) ("Parole . . . is completely discretionary."). Therefore, we conclude that the prosecutor's argument was improper in this regard.

In *Andrews v. State*, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005), the court of criminal appeals reversed a conviction for ineffective assistance of counsel in a "rare case" when trial counsel did not object to a misstatement of law by the prosecutor during argument. There, the same prosecutor who filed a motion to cumulate the sentences in four counts of sexual abuse later argued to the jury, "You give him 20 years in each case, it's still just 20 years. It's still not 80. You can give different amounts if you want. You can give 20, 10, 10, five, it's still just 20." *Id.* at 100. The appellant's trial counsel did not object to the prosecutor's misstatement of the law. *Id.* The trial court ultimately granted the State's motion to cumulate the sentences and imposed a combined prison sentence of seventy-eight years. *Id.* The court concluded that the argument left the jury with the incorrect impression that the appellant's sentences could not be stacked and that the appellant would serve no more than twenty years in prison for all four counts. *Id.* at 103. Therefore, the court held that, under the "extremely unusual circumstances of [the] case," the record contained all of the information it needed to conclude that there could be "no reasonable trial strategy for failing to object" to the prosecutor's misstatement of the law. *Id.*

Much like in *Andrews*, Appellant's counsel's reasons, if any, for failing to object to the prosecutor's misstatement of the law during jury argument are unnecessary to resolve the ineffective assistance of counsel claim. Thus, based on our review of the record, we conclude that the facts before us support that Appellant's counsel's failure to object could not have been based on any reasonable trial strategy.

**Prejudice**

We next consider whether Appellant has demonstrated by a preponderance of the evidence that, if a proper objection had been made, the result of his trial—the jury's assessment of a life sentence—would have been different. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

4

Under the mandate from Article 37.07, the trial court's charge to the jury included the following language:

> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

*See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(b).

In *Colburn v. State*, during deliberations in a capital murder case, the jury sent a note to the court stating, "Given a life sentence, is there a possibility of parole in this case?" *Colburn*, 966 S.W.2d 511, 519 (Tex. Crim. App. 1998). The trial court replied by explaining, "[T]he jury is prohibited from considering parole in any manner when considering whether a Defendant should be sentenced to life or death. You are instructed, therefore, to follow the law of this state and not consider parole in any manner." *Id.* The defendant moved for a mistrial on the ground that the jury was considering parole in its deliberations. *Id.* But the court of criminal appeals affirmed the trial court's decision to overrule the mistrial motion, reasoning in part, as follows:

> We generally presume the jury follows the trial court's instructions in the manner presented. The presumption is rebuttable, but appellant has pointed to no evidence in rebuttal. Appellant did not file a motion for new trial alleging juror misconduct or obtain a hearing to adduce facts not in the record. As such, the only evidence that the jury considered parole is the jury note. Even if the note constitutes evidence the jury discussed parole at a preliminary point, we presume they followed the court's instructions and thereafter did not consider it in reaching their verdict.

5

*Id.* at 520 (citations omitted).

Similarly, in *Miles v. State*, the prosecutor interrupted the defendant's closing argument by an objection, in which he incorrectly stated that the presumption of the defendant's innocence ended once the trial began. *See Miles*, 204 S.W.3d 822, 823–24 (Tex. Crim. App. 2006). The trial court sustained the prosecutor's incorrect objection. *Id.* at 824. The court of criminal appeals held that although the State's objection and the trial court's sustaining of that objection were wrong, these errors did not require reversal of the conviction. *See id.* at 826–28. Citing *Colburn*, the court reasoned in part, "[T]he trial court's charge to the jury included an accurate and thorough explanation of the presumption of innocence and what it means in a court of law, and, in the absence of evidence to the contrary, we will assume that the jury followed its written instructions." *Id.* at 827–28.

The presumption described in *Colburn* and *Miles*—that juries follow the trial court's instructions to them—is a longstanding maxim that has been repeated many times by the court of criminal appeals. *See, e.g., Gish*, 2011 WL 167076, at *5 (citing *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996); *Ainsworth v. State*, 517 S.W.2d 274, 277 (Tex. Crim. App. 1975)). This court also has relied on the maxim. *See, e.g., Seery v. State*, No. 12-11-00095-CR, 2013 WL 683327, at *9 (Tex. App.–Tyler Feb. 21, 2013, pet. ref'd) (mem. op., not designated for publication) (applying presumption that jury followed instructions in court's charge and noting the appellant must rebut that presumption by pointing to evidence that jury failed to follow it); *Mayfield v. State*, No. 12-07-00266-CR, 2008 WL 5235618, at *4 (Tex. App.–Tyler Dec. 17, 2008, pet. ref'd) (mem. op., not designated for publication) (applying presumption that jury followed instruction to base its decision on instructions and definitions given in court's charge).

Similar to the facts in *Seery*, nothing in the record here indicates that the jury did not follow the trial court's unambiguous, explicit instruction in its charge—to not consider the manner in which the parole law may be applied to Appellant—that was contained in the same document in which the jury wrote its punishment decision. The charge further instructed the jury that "any statements of counsel made during the course of the trial or during argument, not supported by the evidence, or statements of law made by counsel not in harmony with the law as

6

stated to you by the Court in these instructions, are to be wholly disregarded." There is nothing in the record before us that indicates the jury was swayed in its punishment decision by the objectionable parts of the State's argument. Thus, because Appellant has not met his burden to show the contrary, we will apply the well-founded presumption that the jury followed the trial court's explicit, unambiguous instructions. *See Seery*, 2013 WL 683327, at *9; *see also **Ladd v. State***, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (holding that the defendant's failure to prove prejudice from his defense counsel's allegedly deficient performance during punishment phase of capital murder trial precluded relief on ineffective assistance claim).

Moreover, without any aid from the State's closing argument, the jury still could rationally have found that the facts in this case justified a life sentence. *See **Hawkins v. State***, 135 S.W.3d 72, 84–85 (Tex. Crim. App. 2004) (concluding that the defendant's other offenses that could have supported lengthy sentence were relevant considerations in analysis of effect of prosecutor's argument about application of parole law); ***Perez v. State***, 994 S.W.2d 233, 238 (Tex. App.–Waco 1999, no pet.) (holding that prosecutor's argument about parole was improper but harmless because, among other facts, evidence in case supported defendant's life sentence). Here, the jury heard evidence that Appellant and the victim had a violent history. The record further reflects that Appellant first shot the victim while he lay in bed. That first shot hit the victim's arm. Afterward, the victim moved off the bed to the floor. Moments later, Appellant fired a pistol at the victim's head at close range. The evidence indicates that the bullet passed into the victim's left temple, killing him almost instantly. Appellant then left the scene and traveled to his parents' house. Appellant's mother described Appellant's appearance upon his arrival that night as "clean" and "neat as a pin."

In sum, based on the evidence of record, we conclude that Appellant has not met his burden of proving that but for his counsel's deficiencies, he would have received a lesser sentence. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered June 17, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 17, 2015

NO. 12-14-00126-CR

**CHRISTOPHER WILEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1239-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*