**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Tomas L. VARKONYI,**
**Defendant-Appellee.**

**No. 79–1119**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1980.

Rehearing Denied March 28, 1980.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellant.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Tomas L. Varkonyi, pro se.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

In this case, the Government is appealing from the granting of a Motion for Acquittal following a jury verdict finding the defendant herein guilty of obstruction of justice under 18 U.S.C. § 1503. We reverse.

The appellee, the defendant in the court below, Tomas L. Varkonyi, was indicted on four counts. The first three counts charged him with the unlawful transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(2). The fourth count charged Varkonyi with corruptly endeavoring to influence, obstruct and impede the administration of justice, in violation of 18 U.S.C. § 1503. The first three counts relate to Varkonyi's arrest after two Border Patrol agents discovered five illegal aliens in his pickup truck at a gasoline station. Two of the aliens, being teenage boys, were sent back to Mexico immediately. The other three were detained as material witnesses for the trial. The fourth count stems from an alleged attempt by Varkonyi to persuade the detained illegal aliens to make false statements concerning their involvement with Varkonyi.

At trial, the detained illegal aliens testified that they had been working for Varkonyi and detailed the facts leading up to the arrest. Two of the aliens testified that Varkonyi had later approached them in an attempt to persuade them to change their statements which they had given to Immigration officials and which incriminated Varkonyi. The aliens stated that they refused to comply with Varkonyi's request. The mothers of two of the detained aliens also testified that Varkonyi had spoken to them about changing their sons' testimonies. One of the mothers stated that Varkonyi threatened to accuse the aliens of stealing his truck if they did not change their stories. This latter testimony was corroborated by a neighbor of the alien's mother who had listened to this conversation. Varkonyi took the stand and denied the charges.

The jury acquitted Varkonyi on the transporting alien counts but did convict him on the obstruction of justice count. Following the trial judge's dismissal of the jury, he related to the lawyers his misgivings about convicting an individual of obstruction of justice when he has been acquitted of the charges on which the obstruction of justice count was based. At a subsequent hearing on the defendant's Motion for Acquittal, the trial court stated that it had reservations concerning the actual existence of witness tampering and that the result did not quite comport with the court's idea of justice. Although the trial judge conceded that the conviction would probably stand on appeal, he granted the Motion for Acquittal. In his written Judgment of Acquittal, the trial judge based his decision solely upon insufficiency of the evidence.

The Government's appeal is permissible in this case since it has a right to appeal, under 18 U.S.C. § 3731, from a Judgment of Acquittal after a verdict of guilty. *See United States v. Burns*, 597 F.2d 939, 940 (5th Cir. 1979). In ruling upon a Motion for Judgment of Acquittal, a district court must determine whether the relevant evidence, viewed in a light most favorable to the Government, could be accepted by a jury as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt. *See United States v. Evans*, 572 F.2d 455, 476 (5th Cir. 1978), *cert. denied*, 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1979). The trial court may not substitute its own subjective interpretation of the evidence for that of the jury's. *United States v. Burns*, 597 F.2d at 941.

On review of such a judgment, an appellate court is bound by the same basic test. Essentially, this Court must decide whether the evidence, examined in a light most favorable to the Government, was suf-

ficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt. *See United States v. Clemones,* 577 F.2d 1247, 1255 (5th Cir. 1978). Although both the defense counsel and the trial judge seemed to find an inconsistency in the jury's verdict, this Court may not entertain such an allegation. A jury verdict need not be consistent. *See Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *United States v. Dudley,* 581 F.2d 1193, 1199 (5th Cir. 1978). In a multi-count verdict, each count is considered separately, and a guilty verdict upon any count may stand, provided that it is supported by the evidence. *See United States v. Romeros,* 600 F.2d 1104, 1105 (5th Cir. 1979). The disposition of the remaining counts is immaterial to the appellate inquiry. *See United States v. Michel,* 588 F.2d 986, 997 (5th Cir. 1979), *cert. denied,* —— U.S. ——, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979).

■■■ Therefore, even assuming that there is an inconsistency in the present jury's verdict, this Court may do no more than determine whether the finding of guilt was supported by the evidence. Under 18 U.S.C. § 1503, the Government must prove beyond a reasonable doubt that the defendant acted either corruptly or by threats or force to influence, obstruct or impede the due administration of justice. The Government must also prove a specific intent to so influence, obstruct or impede the administration of justice. *See United States v. Johnson,* 585 F.2d 119, 128 (5th Cir. 1978). In the present case, there was abundant evidence that Varkonyi attempted to influence and change the testimony of two material witnesses. Although Varkonyi denied that he had tried to elicit false statements from the aliens, the jury chose to believe the Government's witnesses. Once the Government has met its burden of bringing forth sufficient evidence, the trial judge may not enter a Judgment of Acquittal following a guilty verdict simply because he believes it does not comport with his ideas of justice. *See United States v. Brown,* 587 F.2d 187, 190–91 (5th Cir. 1979). We, therefore, reverse the Judgment of Ac-

quittal and Order that the guilty verdict on count four of the indictment be reinstated.

REVERSED.