Charles JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–86–608–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 30, 1987.

Catherine Greene Burnett, Houston, for appellant.

John B. Holmes, Jr., Leslie Brock, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was convicted by a jury of aggravated sexual assault. The trial court assessed punishment, enhanced by a prior conviction, at confinement in the Texas Department of Corrections for twenty-five years. We reverse and remand.

Complainant was walking home after attempting to visit someone at the Harris County Jail. Appellant approached her in his cab, allegedly brandished a gun, and ordered her to get into the car. Appellant drove to an apartment complex and sexually assaulted complainant. Complainant was later able to escape from the car as it was stopped at a traffic light.

In his first point of error, appellant alleges that the evidence is insufficient to support the verdict on the aggravating element of the offense. There was conflicting evidence at trial concerning the use or exhibition of a deadly weapon. The complainant testified that appellant was holding a small gun in his right hand when he first approached her in the car, and that he threatened to kill her; she did not see the gun after they parked at the Astrodome area apartment complex. The investigating detective testified that the complainant did not tell him about threats to kill and that no gun was found in a later search of appellant's apartment. Appellant claimed that he did not own a gun.

The charge submitted to the jury at the guilt/innocence stage of the trial tracked the language of the indictment. It stated in pertinent part:

"... Now if you find from the evidence beyond a reasonable doubt that on or about the 16th day of November, 1985, in Harris County, Texas, the defendant, Charles Johnson, did then and there unlawfully intentionally or knowingly by the use of physical force and violence or by threatening the present use of physical force and violence against Kimberly Perkins, not the spouse of the defendant, cause the penetration of the female sexual organ of Kimberly Perkins by placing his sexual organ in the female sexual organ of Kimberly Perkins and without the consent of Kimberly Perkins and in the course of the same criminal episode the defendant used and exhibited a deadly weapon, namely, a firearm, then you will find the defendant guilty of aggravated sexual assault as charged in the indictment."

To this charge the jury returned a verdict of guilty of aggravated sexual assault as charged in the indictment.

In addition, the following special issue was submitted:

Do you, the jury, find the defendant used or exhibited a deadly weapon, namely, a firearm, in the commission of the offense for which he has been convicted?

The jury will answer either, 'We do' or 'We do not.'

To this issue the jury answered "We do not."

The State argues that the answers are not in conflict because the charge uses the phrase, "in the course of the same criminal episode" and the special issues uses the phrase, "in the commission of the offense." The State asserts that because the plain meanings of words are different, the answers are not contradictory. The State further asserts that, because the special issue was submitted so the jury could make an affirmative finding that appellant used a deadly weapon in order to determine appellant's eligibility for parole, the jury's answer does not negate their verdict of guilty. Tex.Code Crim.Proc.Ann. Art. 42.-12, § 3g(a)(2). A jury may make an affirmative finding as to the use of a deadly weapon in one of three ways:

1) the deadly weapon or firearm has been specifically pled as such in the indictment and the jury returns a verdict of "guilty as charged in the indictment";

2) where not specifically pled as a deadly weapon or firearm, but the weapon pled is per se a deadly weapon; or

3) a special issue is submitted and answered affirmatively.

*Gonzales v. State,* 697 S.W.2d 35 (Tex.App. —Houston [14th Dist.] 1985).

In this case the jury, in their verdict, found that appellant used a deadly weapon. In the special issue they found that appellant did not use a deadly weapon. The jury's finding in the special issue cannot be ignored, regardless of the purpose for which it was submitted.

The jury's answers are in obvious conflict. This conflict does not render the evidence insufficient to support the verdict. However, the conflicting answers do raise a question of whether the jury believed the evidence established that appellant used a deadly weapon. In this situation, we cannot reform the judgment. *Bogany v. State,* 661 S.W.2d 957 (Tex.Crim.App.1983). We, therefore, reverse the judgment of the trial court and remand for a new trial. Appellant's other points of error are overruled.