Charles JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 1193–87.

Court of Criminal Appeals of Texas, En Banc.

Sept. 27, 1989.

Catherine Green Burnett, Houston (court appointed on appeal), for appellant.

John B. Holmes, Jr., Dist. Atty., and William J. Delmore, III, Belinda Hill and Leslie Brock, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged by indictment with the offense of aggravated sexual assault, V.T.C.A. Penal Code 22.021. Upon a plea of not guilty, a jury found appellant guilty as charged in the indictment. The indictment contained the language "... and in the course of the same criminal episode the defendant used and exhibited a deadly weapon, namely, a firearm ...". Submitted to the jury at the guilt/innocence stage of trial was a special issue inquiring into whether appellant used or exhibited a deadly weapon during the commission of the offense. The jury found that he did not. The trial court assessed punishment, enhanced by a prior conviction, at confinement in the Texas Department of Corrections for twenty-five years. The 14th Court of Appeals reversed the judgment of the trial court on the ground that the jury's conflicting answers raised the question of whether the jury believed the evidence established that appellant used a deadly weapon, and they remanded the case for a new trial.

Upon his appeal to the Court of Appeals, appellant claimed in his first point of error

that the evidence was insufficient to support the verdict on the aggravating element of the offense. The Court of Appeals stated in a published opinion, 738 S.W.2d 307 (Tex.App.–Houston 1987), that while the jury's verdict of guilty as charged in the indictment and the jury's negative response to the deadly weapon special issue were in obvious conflict, the conflict did not render the evidence insufficient to support the verdict. The court went on to say, however, that the conflicting answers did raise the question of whether the jury believed the evidence established that appellant used a deadly weapon. Because this Court does not find an inherent conflict between the jury's verdict and their special issue response, we reverse the judgment of the Court of Appeals and affirm the conviction of the trial court.

The relevant facts of the case are as follows. The complainant, K.P., was outside the Harris County jail after attempting to visit someone in that jail. The appellant approached her in his taxicab, allegedly brandished a gun, and ordered her to get into the car. He then drove away with complainant, gun in hand, and made stops at several apartment complexes. Complainant did not see the gun again once the car was parked at the last apartment complex, which is where the forced sexual incident originated. Complainant did not see the gun during the sexual attack itself. Complainant eventually escaped from the cab at a red light into an ambulance in the next traffic lane. Appellant was arrested after an investigation, was taken to trial, and was convicted by a jury of aggravated

sexual assault as charged in the indictment. The charge submitted to the jury tracked the language of the indictment, which in turn tracked the language of the aggravated sexual assault statute. (See V.T.C.A. Penal Code 22.021). In pertinent part, the charge stated:

"...Now if you find from the evidence beyond a reasonable doubt that on or about the 16th day of November, 1985, in Harris County, Texas, the defendant, Charles Johnson, did then and there unlawfully, intentionally or knowingly by the use of physical force and violence or by threatening the present use of physical force and violence against K.P., not the spouse of the defendant, cause the penetration of the female sexual organ of K.P. by placing his sexual organ in the female sexual organ of K.P. and in the course of the *same criminal episode* the defendant used and exhibited a deadly weapon, namely, a firearm, then you will find the defendant guilty of aggravated sexual assault as charged in the indictment." (Emphasis supplied).

After finding the appellant guilty as charged, and still at the guilt/innocence phase of the trial, the jury considered the following special issue:

"...Do you, the jury, find the defendant used or exhibited a deadly weapon, namely, a firearm, in the *commission of the offense* for which he has been convicted? ..." (Emphasis supplied).

The jury answered "We do not".[1]

The State comes to this Court on petition for discretionary review. In its first

1. At the time of the offense, the phrase "criminal episode" was legally defined only for purposes of the joinder of prosecutions for property offenses, V.T.C.A. Penal Code 3.01 (1974). It was not defined in the Code of Criminal Procedure. Today, "criminal episode" is still only legally defined for purposes of multiple prosecutions. See V.T.C.A. Penal Code 3.01 (amended 1987), which states in part:

"In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or

more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses."

Several Court of Appeals opinions partially define "criminal episode", see *Chavez v. State*, 721 S.W.2d 508, 509 (Tex.App.–Houston (14th) 1986) and *Burns v. State*, 728 S.W.2d 114, 116 (Tex. App.–Houston (14th) 1987), however, no conclusive definition exists for all areas of the law. The legal definition of this phrase, or that of "commission of the offense" is irrelevant, however, since the jury was not instructed as to the legal meaning of these phrases, and had to rely on the plain meanings of the words.

ground for review, the State contends the Court of Appeals failed to employ a liberal construction of the verdict, and cites *Ainsworth v. State,* 517 S.W.2d 274,275 (Tex.Cr. App.1975), in which this court countenanced a liberal construction of jury verdicts rather than strict construction. The State argues that a liberal construction of the verdict would show that the verdict and the response to the special issue are not necessarily in conflict, and that it is entirely reasonable and logical for the jury to have found the appellant guilty of aggravated sexual assault, and yet answer "we do not" to the deadly weapon finding special issue.

It is rational to find that the jury differentiated as to the meaning and substance between these two submissions simply because they had already determined that appellant had exhibited or used a deadly weapon during the "criminal episode", and was guilty of aggravated sexual assault, and then immediately thereafter they were asked if the appellant used or exhibited a deadly weapon during the "commission of the offense".

It is readily apparent that a juror could rationally interpret this to mean that a further disparate determination on the deadly weapon issue was necessary. It is reasonable to find that the jury correctly determined the appellant had exhibited a deadly weapon during the course of the criminal conduct in question, i.e. during the "criminal episode", but that he did not exhibit the deadly weapon during the actual physical sexual attack itself, i.e. during the "commission of the offense". Under this reasonable explanation, the jury's verdict and their answer to the special issue are not in conflict. As stated in *Ainsworth,* supra:

> "Verdicts should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained, from whatever source, the verdict should be held valid."

*Id.* at page 277. The finding of the jury has been reasonably ascertained, and the

verdict is thus valid. The State's first ground for review is sustained.

In their second ground for review, the State complains that the Court of Appeals erred in failing to disregard the surplusage which gave rise to the potential inconsistency. Having found the Court of Appeals was in error in the resolution of the State's first ground for review, we need not reach this ground.

Accordingly, the judgment of the Court of Appeals is reversed and the trial court's judgment of conviction is affirmed.[2]

CLINTON, J., concurs in the result.

TEAGUE, Judge, concurring and dissenting.

Because I find that the majority opinion reaches the correct result, that the judgment of the court of appeals, which reversed the trial court's judgment, must be reversed, and that the trial court's judgment must be affirmed, I concur. However, I am compelled to dissent to the analysis that the majority opinion uses to affirm the trial court's judgment.

The record reflects that Charles Johnson, henceforth appellant, was prosecuted on an indictment that alleged that he committed the offense of aggravated sexual assault, by using and exhibiting in the course of the same criminal episode a deadly weapon, namely, a firearm. The jury found him guilty. The trial judge assessed his punishment, enhanced, at 25 years' confinement in the Department of Corrections. The Fourteenth Court of Appeals reversed the trial court's judgment, after finding that the jury's "verdicts" created an internal conflict within the jury's verdict finding appellant guilty of the offense of aggravated sexual assault. See *Johnson v. State,* 738 S.W.2d 307 (Tex.App.–14th 1987).

In her charge at the guilt stage of the trial, the trial judge asked the jury to make two separate determinations at the guilt stage of the trial, namely: (1) whether, beyond a reasonable doubt, appellant was guilty of committing the offense of aggravated sexual assault, which had as an ele-

2. The Court of Appeals disposed of all of appellant's points of error on direct appeal.

ment thereof, that "in the course of the same criminal episode [appellant] used or exhibited a deadly weapon, namely, a firearm," and, as a special issue, to decide (2) whether appellant used or exhibited a deadly weapon during the commission of the primary offense, which is not an element of the offense. The jury found appellant guilty of aggravated sexual assault and answered the special issue in the negative.

Without citation of authority, the Fourteenth Court of Appeals ruled that "The jury's finding in the special issue cannot be ignored, regardless of the purpose for which it was submitted." The court also ruled that "The jury's answers are in obvious conflict. This conflict does not render the evidence insufficient to support the verdict. However, the conflicting answers do raise a question of whether the jury believed the evidence established that appellant used a deadly weapon." It appears to me that by its holding, what the court of appeals overlooked is the fact that in this instance an element of the offense of aggravated sexual assault, as alleged in the indictment, is that appellant "used or exhibited a deadly weapon in the course of the same criminal episode," whereas the special issue that the jury answered in the negative did not concern an element of the alleged offense. In this instance, because aggravated sexual assault is one of the enumerated offenses, the special issue is a non-sequitur in this cause, and the special issue and the jury's answer should be disregarded as surplusage.

I have yet to find in the record where appellant ever voiced any complaint about the trial judge's charge on guilt, either as to instructions on the primary offense or to the submission of the special issue. In fact, my reading of the record does not reflect any such complaint by appellant.

The evidence reflects that the issue of "aggravation", i.e., whether appellant used or exhibited a deadly weapon during the commission of the offense, was a hotly contested issue. However, the docket sheet reflects that it only took the jury a little over two hours to find appellant guilty and to answer the special issue in the negative.

During her argument to the jury, the prosecuting attorney only made a passing reference to the special issue during her closing argument, which argument was not objected to by appellant. The prosecutor merely asked the jury to answer the special issue in the affirmative; she did not amplify or explain why she was asking the jury to do this. Nor did she explain to the jury what purpose, if any, answering the special issue in the affirmative might have to do with determining whether the State had proved beyond a reasonable doubt the elements of the offense against appellant. Appellant did not object to any of this argument.

In her instructions to the jury at the guilt state of the trial, the trial judge told the jury that it was not to answer the special issue unless it first found appellant guilty of aggravated sexual assault. Appellant also did not complain about the "verdicts" after the jury returned its verdict of guilty and its negative answer to the special issue, on the ground that the "verdicts" were inconsistent.

This Court's majority opinion finds that "It is reasonable to find that the jury correctly determined the appellant had exhibited a deadly weapon during the course of the criminal conduct in question, i.e. during the 'criminal episode', but that he did not exhibit the deadly weapon during the actual physical sexual attack itself, i.e. during the 'commission of the offense'. Under this reasonable explanation, the jury's verdict and their answer to the special issue are not in conflict." I dare say that the jurors who served in this cause would be both surprised and shocked to hear that these were the reasons they voted to find appellant guilty of aggravated sexual assault and answered the special issue in the negative. In any event, because the jurors are not permitted by this Court's Rules of Evidence, see Rule 606(b), *Rules of Evidence*, to tell us, we will never know their real reasons.

Again, the record does not reflect or indicate why the trial judge chose to give

the special issue instruction, or why appellant's counsel did not object to the special issue being submitted to the jury. Therefore, as to the trial judge, I surmise that perhaps she has read this Court's opinion of *Polk v. State*, 693 S.W.2d 391 (Tex.Cr. App.1985), too literally, or perhaps failed to read it carefully enough, which is understandable given the vast amount of *obiter dictum* that is contained therein, which must first be understood before the holdings in *Polk* can be understood. I attempted to point out in the concurring and dissenting opinion that I filed in *Polk* that, where the charging instrument does not allege that a deadly weapon was used or exhibited during the commission of the offense, as occurred in *Polk*, if the special issue must be submitted, such should occur at the guilt stage of the trial because such actually goes to the manner in which the offense was committed. Perhaps the trial judge read my opinion too literally. However, my statement should be read in the context that where such is an element of the charged offense, if the jury finds all of the elements of the offense, and returns a verdict of guilty, it has at least implicitly found that the defendant used or exhibited a deadly weapon during the commission of the offense, thus eliminating the need for the submission of any such special issue, at either stage of the trial.

Pursuant to Art. 42.12, § 3g, V.A.C.C.P, and Art. 42.18, § 8(b)(1), V.A.C.C.P., the obvious purpose of giving the jury a special issue to answer is so that the parole authorities will have guidance from the courts when it comes to their deciding when the defendant should become eligible for parole, i.e., if the jury answers in the affirmative the special issue, this usually determines when the defendant might become eligible for parole.

However, our law also provides that if the defendant is convicted of one of the enumerated offenses, which aggravated sexual assault is, such an affirmative finding is actually surplusage, because it does not matter whether there was or was not an affirmative finding; the conviction itself causes the parole authorities to rule, as a matter of law, that the defendant is eligible

for parole, without consideration of any good conduct time, only when his flat time equals one-fourth of the maximum sentence or 15 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. See the above statutes.

Thus, for purposes of parole eligibility, the jury's finding appellant guilty of committing the offense of aggravated sexual assault eliminated the need for the jury to answer any special issue on whether appellant used or exhibited a deadly weapon during the commission of the offense, and, because of this, the trial judge clearly erred in submitting to the jury at the guilt stage of the trial the above special issue.

If the jury had not found beyond a reasonable doubt the deadly weapon element of the offense, under the instructions that it received from the trial judge, it would have been duty bound to acquit appellant. Furthermore, in this instance, the submitted special issue was separated from the charge on guilt in that it immediately followed the jury's verdict finding appellant guilty "of aggravated sexual assault, as charged in the indictment." The jury returned a general verdict of guilty "of aggravated assault as charged in the indictment," and thereafter answered the special issue in the negative, i.e., "We do not [find the defendant used or exhibited a deadly weapon, namely, a firearm, in the commission of the offense for which he has been convicted]."

On direct appeal, appellant, through counsel, asserted, inter alia, that because the jury found appellant guilty of the offense of aggravated assault pursuant to V.T.C.A., Penal Code § 22.021(a)(1)(A)(ii), (2)(iv), and, because the jury answered the special issue in the negative, an "irreconcilable conflict" existed in that "When the jury expressly found that Appellant did not use or exhibit a firearm during the commission of the offense [the answer to the special issue], it negated its finding of guilty on the only offense submitted to it—aggravated sexual assault by use or exhibition of firearm." Counsel then argued that this causes the evidence to become insufficient,

thus entitling appellant to a judgment of acquittal. For reasons it did not give, although it found that "The jury's answers are in obvious conflict," the court of appeals somehow managed to also find that this did not render the evidence insufficient to support the jury's verdict finding appellant guilty of the alleged offense. I am compelled to ask: If what the court of appeals found is a given, then why was the evidence not insufficient to sustain the jury's verdict finding that appellant had committed the offense of aggravated sexual assault?

In a sense, appellant appears to have argued on appeal that the jury applied the doctrine of jury nullification because, when it answered the special issue in the negative, this amounted to nullifying its verdict finding appellant guilty of the alleged offense of aggravated sexual assault. If that is the case, there is absolutely nothing in the record to support such a theory.

The State responded on direct appeal that there was no conflict because in the instructions that went to guilt, the jury was first told that it was only to concern itself with the phrase "in the course of the same criminal episode," whereas when it came to the submitted special issue, it was to concern itself with the phrase "in the commission of the offense," thus forcing the jury to make a distinction between the terms "episode and offense." The rationale of the majority opinion appears to have adopted this argument, although it holds that because the jury was not given any definitional instructions on the phrases or terms, it matters not what the legal meaning of these terms might be in another context; thus, by the majority opinion, the jury was required in this instance to rely upon the plain meanings of the phrases or the terms.

The court of appeals concluded that "The jury's answers are in obvious conflict," and, because it could not say that the jury verdict of guilty was not internally inconsistent, it found that it could not reform the trial court's judgment to delete the affirmative special issue affirmative finding, and ordered the cause remanded to the trial court for a new trial. See *Johnson v. State.*

Today, the majority opinion of this Court rules that, contrary to the court of appeals, it "does not find an inherent conflict between the jury's verdict and their special issue response," and reverses the judgment of the court of appeals and affirms the trial court's judgment. The majority opinion's rationale for its decision, as I understand it, is that, without knowing exactly how the jury defined, considered, or used the phrases or terms, see and compare *Penry v. Lynaugh,* —— U.S. ——, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), it must have "correctly determined the appellant had exhibited a deadly weapon during the course of the criminal conduct in question, i.e., during the 'criminal episode', but that he did not exhibit the deadly weapon during the actual physcial sexual attack itself, i.e., during the 'commission of the offense.' Under this reasonable explanation, the jury's verdict and their answer to the special issue are not in conflict." (Page 423 of majority.) As previously pointed out, this appears to me to be nothing less than an adoption of what the State argues. However, for reasons that I have given, I agree with the State's argument that the special issue and its negative answer may be disregarded as surplusage. See and compare *Peterson v. State,* 508 S.W.2d 844, 849 (Tex.Cr.App.1974).

Had the special issue not been submitted to the jury conditionally, or had the jury not been required to decide appellant's guilt of the primary offense first, before it was to answer the special issue, then, of course, appellant's argument that the jury's "verdicts" were inconsistent, and perhaps violative of both the federal and state constitutions, might have merit. But in this instance there is no internal inconsistency within the jury's verdict finding appellant guilty of the offense of aggravated sexual assault. Even if it could be rationally argued that the negative answer to the special issue causes an internal inconsistency within the verdict of guilt to exist, because the evidence is sufficient to support the jury's verdict of guilt, the special issue and its answer can be disregard-

ed as surplusage, as the State correctly argues, because the finding of guilty must be considered separately from the special issue and its negative answer. See and compare *U.S. v. Ocanas*, 628 F.2d 353, rehearing denied 633 F.2d 582 (5th Cir. 1980); *U.S. v. Varkonyi*, 611 F.2d 84 (5th Cir.1980). Cf. *Herwig v. State*, 138 S.W.2d 549 (Tex.Cr.App.1940).

Probably the major flaw that I find to exist within the majority opinion is that, at least implicitly, the majority opinion appears to stand for the proposition that a jury's verdict finding a defendant guilty of the primary offense must be consistent, and may not be inconsistent. Nothing could be further from the truth, if one is talking about a multi-count verdict.

It is axiomatic that a jury verdict need not be consistent, if one is talking about a multi-count verdict, because in that instance each count of the charging instrument is considered separately, and a guilty verdict upon any count may stand, provided that it is supported by the evidence. *U.S. v. Varkonyi*, 611 F.2d at page 86. In federal law, the disposition of the remaining counts is immaterial to the appellate inquiry. *U.S. v. Michel*, 588 F.2d 986, 997 (5th Cir.1979). Therefore, if one equates the special issue that was submitted at the guilt stage of appellant's trial to a "count" of an indictment, then it would be proper for this Court to regard it as surplusage and immaterial to the jury's finding appellant guilty of the offense of aggravated sexual assault.

Therefore, I can only concur in the result that the majority reaches, that the court of appeals erroneously reversed the trial court's judgment.