**MODIFY, REFORM and AFFIRM; and Opinion Filed September 20, 2013.**



# In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00715-CR

**ADRIAN V. BARRERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F07-30801-P**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Fillmore

A jury convicted Adrian V. Barrera of sexual assault of a child and assessed punishment of ten years' imprisonment. In four points of error, Barrera asserts (1) the evidence is legally insufficient to support the sexual assault conviction, (2) there is insufficient evidence to support the trial court's order requiring him to pay $586 in court costs, (3) the judgment should be reformed to reflect the statute he was found to have violated, and (4) the judgment should be reformed to reflect the names of the prosecutors who tried the case on behalf of the State. We modify and affirm the trial court's judgment. We issue this memorandum opinion because the law to be applied in the case is well settled. TEX. R. APP. P. 47.4.

## Background

Barrera was charged in two cases with the second-degree felony of sexual assault of a child. In the case that is the subject of this appeal, cause number F07-30801-P, Barrera was charged with intentionally and knowingly causing the penetration of the mouth of S.G., a child who was not Barrera's spouse, by Barrera's sexual organ. In cause number F07-30786-P, which is not a subject of this appeal, Barrera was charged with intentionally and knowingly causing the contact and penetration of the sexual organ of S.G., a child who was not Barrera's spouse, by Barrera's sexual organ. Barrera pleaded not guilty to both charges. The charges were tried before a jury. The jury found Barrera not guilty in cause number F07-30786-P of sexual assault of S.G. by contact and penetration of her sexual organ, but found Barrera guilty in cause number F07-30801-P of sexual assault of S.G. by penetration of her mouth. In cause number F07-30801-P, the jury assessed punishment of ten years' imprisonment. The trial court also ordered Barrera to pay $586.00 in court costs.

## Sufficiency of the Evidence

In his first point of error, Barrera contends the evidence is insufficient to support his conviction for sexual assault. The jury found Barrera guilty of intentionally and knowingly causing the penetration of S.G.'s mouth by Barrera's sexual organ. According to Barrera, because the jury did not find Barrera guilty of the additional charge of intentionally and knowingly causing the contact and penetration of S.G.'s sexual organ by Barrera's sexual organ, there is insufficient evidence to support the conviction for sexual assault by penetration of S.G.'s mouth by Barrera's sexual organ.

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). We examine all the evidence in the light most favorable to

the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *see also Adames*, 353 S.W.3d at 860. The jury, as the fact finder, is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We defer to the jury's determinations of witness credibility, and may not substitute our judgment for that of the fact finder. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (in conducting legal sufficiency analysis, appellate court "may not re-weigh the evidence and substitute our judgment for that of the jury").

Barrera's contention regarding the sufficiency of the evidence rests on the assumption that the jury's negative finding with regard to the charge of sexual assault by intentionally and knowingly causing the contact and penetration of S.G.'s sexual organ by Barrera's sexual organ must, necessarily, influence the jury's finding on the charge of sexual assault by penetration of S.G.'s mouth by Barrera's sexual organ. But Barrera's argument does not affect our sufficiency analysis regarding whether the evidence supports his conviction. Barrera's argument, while couched in terms of the sufficiency of the evidence, is more akin to a complaint that inconsistent verdicts are invalid. *See Moranza v. State*, 913 S.W.2d 718, 724 (Tex. App.—Waco 1995, pet. ref'd). "It is axiomatic that a jury verdict need not be consistent if one is talking about a multi-count verdict, because in that instance each count of the charging instrument is considered separately, and a guilty verdict upon any count may stand, provided that it is supported by the evidence." *Whittington v. State*, 781 S.W.2d 338, 340 (Tex. App.—Houston [14th Dist.] 1989,

–3–

pet. ref'd) (citing *United States v. Varkonyi*, 611 F.2d 84, 86 (5th Cir. 1980)). "Where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination of whether the evidence is legally sufficient to support the counts on which a conviction is returned. What the jury did with the remaining counts is immaterial." *Ward v. State*, 938 S.W.2d 525, 528 (Tex. App.—Texarkana 1997, pet. ref'd) (quoting *Ruiz v. State*, 641 S.W.2d 364, 366 (Tex. App.—Corpus Christi 1982, no pet.)); *see also Moranza*, 913 S.W.2d at 724 ("[I]nstead of summarily finding the evidence legally insufficient to support the jury's verdict of guilt, the appellate court should examine the legal sufficiency of the evidence to support the counts on which a conviction was rendered.").[1] Therefore, we review the evidence in the light most favorable to the jury's verdict of guilt to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

In this case, the State had to prove beyond a reasonable doubt that Barrera intentionally and knowingly caused the penetration of the mouth of S.G., a child younger than seventeen years of age and not his spouse, by his sexual organ. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(B) (West 2011). A child is a person younger than 17 years of age who is not the spouse of the actor. *Id*. § 22.011(c)(1) (West 2008) (current version at TEX. PENAL CODE ANN. § 22.011(c)(1) (West 2011)).[2] The testimony of the child victim alone is sufficient to support a conviction for sexual assault. TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West Supp. 2012); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978).

---

[1] "Every act of sexual assault alleged in a separate count of an indictment is a separate criminal offense, not merely a different method of committing the same offense, for which the defendant may be convicted." *Tear v. State*, 74 S.W.3d 555, 562 (Tex. App.—Dallas 2002, pet. ref'd). In the case at bar, the trial court specifically instructed the jury there were two separate charges and the verdict with regard to one of the charges did not necessarily dictate what the verdict should be with regard to the other charge, and that there could be different findings. Further, the trial court submitted two separate verdict forms to the jury.

[2] The definition of "child" in penal code section 22.011(c)(1) was amended, effective September 1, 2009, to delete the phrase "not the spouse of the actor," but the prior definition applies to offenses committed before that date. *See* Act of May 18, 2009, 81st Leg., R.S., ch. 260, § 3, 2009 Tex. Gen. Laws 710, 711. Here, it was charged that the offense occurred on or about June 1, 2006.

S.G. testified at trial that she was born June 24, 1991. Barrera, her adoptive father, began sexually assaulting her around the age of thirteen when her mother, Lourdes Barrera, moved out of the house after filing for divorce from Barrera. The abuse began by Barrera rubbing and touching S.G. outside of and underneath her clothing. The abuse progressed to a point where Barrera performed oral sex on S.G. and engaged in vaginal sex with S.G. in Barrera's bedroom at his house. Barrera referred to the times he performed oral sex on S.G., S.G. performed oral sex on Barrera, or Barrera and S.G. engaged in vaginal sex as "sessions." At least once a week when S.G. was in the seventh and eighth grades, Barrera made S.G. perform oral sex on him at his workplace. He placed his penis in her mouth, sometimes pushing her head onto his penis.

In 2003 or 2004, S.G. told her therapist, Lincoya Young, about Barrera rubbing and touching her. At that point in time, the abuse had not progressed beyond the rubbing and touching. S.G. later recanted what she had told Young because Barrera told S.G. that her younger sister would not have a father and the family would be financially impacted by the abuse she had reported. S.G. made a second outcry while in juvenile detention in 2007. Child Protective Services (CPS) conducted an interview of S.G. following her second outcry. After S.G.'s release from juvenile detention in June 2007, she was living with Lourdes. Detective Alan Frizzell of the Grand Prairie Police Department obtained a recording of a phone conversation and an in-person conversation between S.G. and Barrera. With the permission of Lourdes and under the supervision of Frizzell, S.G. phoned Barrera under the pretext of wanting to talk with Barrera about potentially moving back to his home. Barrera did not want to talk on the phone and came to meet S.G. outside Lourdes's apartment. Barrera sat in his vehicle and spoke to S.G., who stood beside the vehicle. Frizzell was monitoring the conversation from a vantage point nearby by means of a recording device secretly worn by S.G. S.G. testified that for most of the conversation, Barrera did not want to speak aloud and, instead, wrote his

communications to S.G. on paper and erased them after she had read them. Barrera was arrested on the sexual assault charges in September 2007.

Young, a licensed professional counselor, testified she began seeing S.G. in therapy in June 2004. S.G. told Young her stepfather, Barrera, had touched her private area, massaged her legs, and had kissed her several times. Young generated a report regarding what S.G. had told her and provided the report to CPS. CPS did not find "a reason to believe" the accusations S.G. had made against Barrera and did not choose to remove the children then in Barrera's custody. Based on the physical abuse of S.G. by Barrera, evidenced by a black eye and Barrera's admitting he had hit S.G. in the eye, S.G.'s stating she was afraid of Barrera, and S.G.'s statements Barrera had touched her inappropriately and kissed her several times, Young did not agree with CPS failing to find a reason to believe S.G.'s accusations.

Frizzell was contacted by CPS following an August 1, 2007 forensic interview of S.G. Frizzell spoke with Erin Price of the district attorney's office, who was responsible for intake of child abuse cases, to determine if there was enough evidence to go forward with a case against Barrera. Frizzell then obtained permission from Lourdes to set up a recorded telephone call between S.G. and Barrera. S.G. placed the phone call to Barrera under the pretext that she wanted to discuss potentially moving back into Barrera's home. Barrera indicated he did not want to talk on the phone and would come to Lourdes's apartment to speak with S.G. S.G. was wearing a hidden recording device, and Frizzell recorded the conversation between S.G. and Barrera in the parking lot of Lourdes's apartment. Frizzell testified that the dates of the offenses charged in cause numbers F07-30801-P and F07-30786-P were dates between S.G.'s fourteen and sixteenth birthdays, because in the forensic interview with CPS, S.G. described incidents of sexual abuse that occurred when she was fourteen and fifteen years of age.

The jury heard the recordings of the phone conversation and the in-person conversation between S.G. and Barrera. On the recording of the in-person conversation, Barrera stated to S.G. that if she came back to live with him, "everything would be totally different." S.G. responded that Barrera had said that before and "it started all over again." S.G. said she would tell Barrera "no," and he would be angry and hold it against her. Barrera stated he had "misread," he felt bad, and it was not going to happen. S.G. expressed her concern to Barrera that the same thing would happen to her younger sister. She also indicated that she could not "say anything about it to anyone because you think you are going to get in trouble." Barrera stated S.G. had "all the right in the world to be upset," and that it was never S.G.'s fault.

We conclude the evidence is legally sufficient to support Barrera's conviction on the count alleging penetration of S.G.'s mouth by Barrera's sexual organ when she was younger than seventeen years of age. Based on S.G.'s testimony alone, there was sufficient evidence to support the jury's finding of guilt. In addition, the jury heard the testimony of counselor Young regarding the sexual abuse, and the recorded face-to-face conversation between S.G. and Barrera. The jury could infer Barrera did not audibly respond during most of the in-person recorded conversation, choosing instead to write his communications, to avoid making incriminating statements if the conversation was being monitored or recorded. Further, the jury could infer the statements Barrera made in that conversation referred to the sexual abuse of S.G. As the fact finder, the jury was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony, and was free to accept or reject all or any part of their testimony. We conclude a rational jury could have found the essential elements of the offense beyond a reasonable doubt. We resolve Barrera's first point of error against him.

**Court Costs**

In his second point of error, Barrera requests we reform the trial court's judgment to delete the requirement that he pay court costs because the clerk's record does not contain a bill of costs. If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West. 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id.* art. 103.001.

The clerk's record in this case did not contain a copy of the bill of costs. In light of Barrera's specific complaint that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental clerk's record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Barrera's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.) (citing *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.)). We resolve Barrera's second point of error against him.

In response to the Court's order requiring supplementation of the record, Barrera filed a motion in which he objects that the bill of costs in the supplemental clerk's record is not a "proper bill of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment.

With respect to his first objection, Barrera argues the bill of costs in the record is not a "proper bill of costs" because it consists of "unsigned, unsworn computer printouts." The code of criminal procedure requires only that a bill of cost be certified and signed "by the officer who charged the cost or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. TEX. CODE CRIM. PROC. ANN. art. 103.001, .006. Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in Barrera's case; it is certified and signed by the deputy district clerk. We conclude the supplemental record filed by the clerk meets the mandate of the code of criminal procedure. *See Coronel*, 2013 WL 3874446, at *4.

Barrera also complains that there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgment. However, there is no requirement that a bill of costs be presented to the trial court at any time before judgment. *Id.* at *5. We deny Barrera's motion objecting to the supplemental record.

Finally, we note that in his original brief and his objection to the bill of costs, Barrera does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these matters.

## Modifications of Judgment

In his third and fourth points of error, Barrera requests the judgment be reformed to accurately reflect the statute he was found to have violated and the attorneys who represented the State at trial. This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. TEX. R. APP. P.43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

–9–

The judgment recites that the statute Barrera was found to have violated was Texas Penal Code § 22.01. *See* TEX. PENAL CODE ANN. § 22.01 (West 2011) (assault statute). However, the record is clear that Barrera was tried and convicted of sexual assault, and the statute addressing that offense is Texas Penal Code § 22.011. *See* TEX. PENAL CODE ANN. § 22.011 (West 2011) (sexual assault statute).

The judgment lists the attorney for the State as M. Shughart. The reporter's record, however, indicates Sherre Sweet and Stephanie Martin represented the State.

We resolve Barrera's third and fourth points of error in his favor. Accordingly, we reform the judgment to reflect the statute Barrera was found to have violated is section 22.011 of the penal code, and the attorneys of record for the State were Sherre Sweet and Stephanie Martin.

**Conclusion**

As modified, we affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120715F.U05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN V. BARRERA, Appellant

No. 05-12-00715-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. F07-30801-P.
Opinion delivered by Justice Fillmore,
Justices Bridges and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The judgment is modified to reflect the statute Adrian Barrera was found to have violated is Texas Penal Code section 22.011, and the attorneys for the State of Texas were Sherre Sweet and Stephanie Martin.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 20th day of September, 2013.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE