# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2025

Lyle W. Cayce
Clerk

No. 24-30496

United States of America,

*Plaintiff—Appellee*,

*versus*

Saleem Yousef Dabit,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CR-143-1

Before Southwick, Oldham, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

A jury convicted Saleem Yousef Dabit of wire fraud. He challenges his conviction on two grounds. Both fail. Thus, we affirm.

*

Dabit was indicted on one count of use of fire to commit a felony, one count of use of fire to maliciously damage property, and one count of wire fraud, all stemming from a fire that occurred at his business. At trial, Dabit

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

moved for a judgment of acquittal when the Government rested and again when the defense rested. The district court denied the motions. After the Government presented rebuttal evidence, the jury acquitted Dabit on the use-of-fire counts but found him guilty of wire fraud. After the verdict, Dabit timely moved again for a judgment of acquittal, and the district court denied that motion.

\*

On appeal, Dabit raises two arguments: (1) that his conviction for wire fraud cannot be reconciled with his acquittals on the use-of-fire counts; and (2) that there was insufficient evidence to convict him of wire fraud. Both fail.

First, even if the wire-fraud conviction is irreconcilable with the two acquittals, it is of no moment. As the Supreme Court has long held, "a criminal defendant convicted by a jury on one count [can]not attack that conviction because it [i]s inconsistent with the jury's verdict of acquittal on another count." *United States v. Powell*, 469 U.S. 57, 58 (1984); *id.* at 69. Instead, when a jury issues a multi-count verdict, "each count is considered separately, and a guilty verdict upon any count may stand, provided that it is supported by the evidence." *United States v. Varkonyi*, 611 F.2d 84, 86 (5th Cir. 1980) (per curiam); *see also Powell*, 469 U.S. at 67.

That brings us to the second issue: whether the guilty verdict was supported by sufficient evidence. It was.

In reviewing the sufficiency of the evidence, we give "substantial deference to the jury verdict." *United States v. Delgado*, 672 F.3d 320, 330 (5th Cir. 2012) (en banc). We affirm if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

No. 24-30496

Here, a rational jury could have found beyond a reasonable doubt that Dabit, with specific intent to defraud, engaged in a scheme to defraud the Hanover Insurance Company using wire communications. *See United States v. Sanders*, 952 F.3d 263, 277 (5th Cir. 2020) (explaining the elements of wire fraud).[1] Even if there was insufficient evidence that Dabit set fire to the warehouse,[2] there was sufficient evidence that Dabit lied to Hanover when he said that firefighters told him the fire was probably electrical. Multiple firefighters and certified fire investigators testified that no firefighter or investigator told Dabit that. And we are not entitled to second-guess any credibility determinations the jury might have made in this respect. *See*

---

[1] Dabit does not challenge the jury's finding that he used wire communications in interstate commerce.

[2] In fact, there was substantial evidence Dabit set fire to the warehouse.

First, investigators found 15 gas cans strewn about the warehouse, suggesting the fire was arson, not an accidental electrical fire.

Moreover, there was only one key to the warehouse. Without that key, it was nearly impossible to enter. Given the extensive security features, firefighters needed specialized power tools to enter to put out the blaze. And neither firefighters nor investigators found any evidence that anyone else had somehow breached the building.

Next, Dabit had a motive. *See Pointer v. United States*, 151 U.S. 396, 414 (1894) ("The presence or absence of a motive for the commission of the offense charged is always a legitimate subject of inquiry."). Dabit had over $1.2 million in debt at the time of the fire. The insurance proceeds—which covered over $1.5 million—may well have been critical for his ability to pay back that debt.

Finally, other suspicious activity leading up to the fire points to Dabit as the culprit. For instance, beginning just one week before the fire and continuing up until the day before, Dabit conducted an inventory with an employee. But that employee explained to the jury that in two years of working for Dabit, she had never conducted such an inventory. Additionally, the fire was started while Dabit's family just so happened to be away on vacation—and thus not in their home adjacent to the warehouse. Assuming Dabit does not possess a touch of the prophetic, the timing of these events is oddly suspicious.

Much more could be said. But that should suffice to show that a reasonable jury could have concluded that Dabit himself set fire to the warehouse.

No. 24-30496

*United States v. Capistrano*, 74 F.4th 756, 768 (5th Cir. 2023). So a rational jury could have found that Dabit's knowingly false statement was part of a scheme to defraud the insurance company and that Dabit had a specific intent to defraud.

AFFIRMED.